# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

**MICHAEL AND DEBRA MILBRODT**  |  Case Number: **5-19-03539**
Chapter: **13**

\* Debtor(s)

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and Debtors 4th Amended Chapter 13 Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: July 6, 2023

SIGNED: *Lisa Manchak*

TITLE: /s/Legal Assistant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| MICHAEL AND DEBRA MILBRODT | : | |
| Debtor(s) | : | CASE NO. 5:19-03539 |
| | : | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
### NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection/response on or before **July 27, 2023.** If you object to the relief requested, you must file your objection/response with the Clerk of Court and serve a copy on the movant and movant's attorney, if one is designated.

If you file an serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

| |
|---|
| **Address of the Bankruptcy Clerk's Office:**<br>U.S. Bankruptcy Court<br>274 Max Rosenn U.S. Courthouse<br>197 South Main Street<br>Wilkes-Barre, PA 18701<br>570-831-2500 |
| Hours Open: Monday - Friday 9:00 AM to 4:00 PM |

DATE: July 6, 2023

Tullio DeLuca, Esquire
PA ID# 59887
Attorney for Debtors/Movants
381 N. 9th Avenue
Scranton, PA 18504

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
MICHAEL C. MILBRODT
a/k/a Michael Christ Milbrodt
a/k/a Michael Milbrdot

DEBRA A. MILBRODT
a/k/a Debra Ann Milbrodt
a/k/a Debra Milbrodt

CHAPTER 13

CASE NO. 5-19-03539

| \_\_\_ ORIGINAL PLAN
| x 4th AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc)
| \_\_\_ Number of Motions to Avoid Liens
| \_\_\_ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | * Included | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ Included | * Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without

further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>**Plan Payments From Future Income**</u>

    1. To date, the Debtor paid $22,795.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $30,395.00 plus other payments and property stated in §1B below:

    | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 09/2019 | 06/2023 | $ | $0.00 | $ | $22,795.00 |
    | 07/2023 | 08/2026 | $200.00 | $0.00 | $200.00 | $7,600.00 |
    | | | | | Total Payments: | $ 30,395.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:  (X) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

    ( ) Debtor is over median income. Debtor estimates that a minimum of $ _0.00_ must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

    1. The Debtor estimates that the liquidation value of this estate is $0 00. (Liquidation

value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__X__ No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

___ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $0.00 from the sale of property known and designated as _____. All sales shall be completed by _____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

   __X__ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

   ___ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** Check One.

__ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Select Portfolio Servicing | 114 Beaver St., Noxen, PA 18636 | 5851 |
| | | |

C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). Check one.

_X_ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

__ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

    __X__   None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

    ___   The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

**E.**   **Secured claims for which §506 valuation is applicable.** Check one.

    ___  None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

    __X__  Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified

terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| AIS Portfolio Services, LP | 2006 Dodge Ram | $5,000.00 | 6% $800.00 | $5,800.00 | Plan |
| PHFA | 114 Beaver St., Noxen, PA 18636 | Zero | None | Zero | Motion |

F. <u>Surrender of Collateral</u>. Check one.

__X__ None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

____ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

G.  **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

__X__ None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

____ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | | |
|---|---|---|---|---|
| Lien Description For judicial lien, include court and docket number | | | | |
| Description of the liened property | | | | |
| Liened Asset Value | | | | |
| Sum of Senior Liens | | | | |
| Exemption Claimed | | | | |
| Amount of Lien | | | | |
| Amount Avoided | | | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

      1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. **Attorney's Fees.** Complete only one of the following options:

         a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $5,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or
         b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation

approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

   **X** None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   \_\_\_\_ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. <u>**Priority Claims (including, certain Domestic Support Obligations)**</u>

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |
|  |  |

C. <u>**Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. § 507 (a)(1)(B).**</u> Check one of the following two lines.

   **X** None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

   \_\_\_\_ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. <u>**Claims of Unsecured Nonpriority Creditors Specially Classified.**</u>  Check one of the following two lines.

   __X__  None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   ____  To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Check one of the following two lines.

   __X__  None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   ____  The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

   | Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
   |---|---|---|---|---|---|---|
   |  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

___ plan confirmation.
___ entry of discharge.
_X_ closing of case.

7. **DISCHARGE: (Check one)**

   (X) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:   Adequate Protection Payments
Level 2:   Debtor's Attorney Fees
Level 3:   Domestic Support Obligations
Level 4:   Secured Claims, Pro Rata
Level 5:   Priority Claims, pro rata
Level 6:   Specially classified unsecured claims
Level 7:   Timely filed general unsecured claims
Level 8:   Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   Timely filed general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $ 3,039.50(est.) |
| Tullio DeLuca, Esq., | $ 5,000.00 |
| JP Morgan Chase Bank | $ 14,644.49 (PAID) |
| AIS Portfolio Services, LP | $ 5,800.00 (allowed secured claim) |
| Unsecured Creditors - prorata basis | $ 1,911.01 |
| Total: | $ 30,395.00 |

The Chapter 13 Trustee payment shall be made to the following address:

JACK N. ZAHAROPOULOS
CHAPTER 13 TRUSTEE
PO BOX 6008
MEMPHIS, TN 38101-6008


Dated: July 5, 2023    /s/ Debra Milbrodt
                       Debtor


                       /s/Tullio DeLuca
                       Attorney for Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

| | | |
|---|---|---|
| ACC, LLC<br>One Montage Mountain Rd.<br>Moosic, PA 18507-1777 | AFNI<br>P.O. Box 3097<br>Bloomington, IL 61702-3097 | AIS Portfolio Services, LP<br>4515 N. Santa Fe Ave.<br>Oklahoma City, OK 73118-7901 |
| Ability Recovery Svcs. LLC<br>P.O. Box 4031<br>Wyoming, PA 18644-0031 | Allgate Financial.<br>707 Skokie Blvd., Ste. 375<br>Northbrook, IL 60062-2882 | Apex Asset Management<br>1286 Carmichael Way<br>Montgomery, AL 36106-3645 |
| Ascension Capital Group, Ltd<br>P.O. Box 201347<br>Arlington, TX 76006-1347 | Asset Acceptance<br>P.O. Box 1630<br>Warren, MI 48090-1630 | Asset Acceptance<br>P.O. Box 2036<br>Warren., MI 48090-2036 |
| Atlas Acquisitions LLC<br>294 Union Street<br>Hackensack, NJ 07601-4303 | Blue Ridge Cable<br>613 Third St.<br>Collection Dept.<br>Palmerton, PA 18071-1520 | Bureau of Account Management<br>3607 Rosemont Ave., Suite 502<br>Camp Hill, PA 17011-6943 |
| Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Auto Finance<br>AIS Portfolio Services, LP<br>4515 N. Santa Fe Ave., Dept APS<br>Oklahoma City, OK 73118-7901 | Capital One Auto Finance<br>PO Box 4360<br>Houston, TX 77210-4360 |
| Central Credit Audit<br>100 N. 3rd Street<br>Sunbury, PA 17801-2367 | Citibank<br>Box 6500<br>Sioux Falls, SD 57117-6500 | Comenity Bank/Fashion Bug<br>Bankruptcy Department<br>PO Box 182125<br>Columbus, OH 43218-2125 |
| Community Bank, NA<br>45-49 Court Street<br>PO Box 509<br>Canton, NY 13617-0509 | Credit Management Services<br>2235 Mercury Way, Suite 275<br>Santa Rosa, CA 95407-5463 | CreditOne<br>PO Box 98873<br>Las Vegas, NV 89193-8873 |
| Jack N. Zaharopoulos, Esq<br>8125 Adams Dr., Suite A<br>Hummelstown, PA 17036 | EOS CCA<br>300 Canal View Blue<br>Suite 130<br>Rochester, NY 14623 | ER Solutions<br>800 SW 39th St.<br>Renton, WA 98057 |
| Flexible Financial<br>517 Mill Street<br>Peckville, PA 18452 | Kevin Frankel, Esq.<br>Shapiro and Denardo<br>3600 Horizon Dr.<br>Suite 150<br>King of Prussia, PA 19406 | Geisinger Health System<br>PO Box 828560<br>Philadelphia, PA 19182 |
| Geisinger Clinic<br>133 W. Tioga St.<br>Tunkhannock, PA 18657 | Geisinger Health System<br>100 North Academy Ave.<br>Danville, PA 17822 | Granite Recovery, LLC<br>c/o Recovery Management Systems<br>25SE 2nd Ave., Suite 1120<br>Miami, FL 33131 |

HSBC Card Services
PO Box 80084
Salinas, CA 93912

Harvard Collection Services
4839 N. Elston Ave.
Chicago, IL 60630-2589

JPMorgan Chase Bank
Bankruptcy Mail Intake Team
700 Kansas Lane Fl 01
Monroe, LA 71208

JPMorgan Chase Bank
Attn: Correspondence Mail
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71208

Kraft Emergency Physicians
PO Box 37888
Philadelphia, PA 19101

LVNV Funding, LLC
PO Box 10497
Greenville, SC 29603

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603

Matthew Berger, MD
340 Montage Mountain Rd.
Moosic, PA 18507

Medical Data Systems, Inc.
645 Walnut St., Suite 5
Gadsden, AL 35901

Medicredit Corp
PO Box 1629
Maryland Heights, MO 63043

Midland Credit Management, Inc.
PO Box 2011
Warren, MI 48090

Milton S. Hershey Medical Center
600 Center View Lane
Hershey, PA 17033

Miramed Revenue Group
360 E. 22nd St.
Lombard, IL 60148

Modern Gas Sales
PO Box 201
Reeders, PA 18352

NCC
245 Main St.
Dickson City, PA 18519

NCO Financial Systems
507 Prudential Rd.
Horsham, PA 19044

National Recovery Agency
2491 Paxton St.
Harrisburg, PA 17111

Oliphant Financial Group, LLC
9009 Town Center Parkway
Lakewood Ranch, FL 34202

P&G Mehoopany Employees FCU
15 Lane Hill Rd.
Tunkhannock, PA 18657

P&G Mehoopany Employees FCU
Customer Service
PO Box 30495
Tampa, FL 33630

PHFA
2101 N. Front St.
PO Box 15530
Harrisburg, PA 1715

Pennsylvania Housing Finance Agency
211 North Front Street
Harrisburg, PA 17101

Pittston Medical Associates
1099 S. Township Blvd., #F
Pittston, PA 18640

Portfolio Recovery Associates
PO Box 41067
Norfolk, VA 23541

Radiology Assoc of Wyoming Valley
PO Box 197
State College, PA 16804

Jason Brett Schwartz
Mester & Schwartz, PC
1917 Brown St.
Philadelphia, PA 19130

Sears
7920 NW 110th St.
Kansas City, MO 64153

Sprint
PO Box 7993
Overland Park, KS 66207-0993

Synchrony Bank/Aquavantage
Attn: Bankruptcy Dept.
PO Box 965060
Orlando, FL 32896-5060

Target National Bank
c/o Target Credit Services
PO Box 1581
Minneapolis, MN 55440-1581

| | | |
|---|---|---|
| Transworld Systems<br>2235 Mercury Way, Suite 275<br>Santa Rosa, CA 95407-5463 | United States Trustee<br>228 Walnut St., Suite 1190<br>Harrisburg, PA 17101 | Verizon<br>by American InfoSource, as Agent<br>PO Box 4457<br>Houston, TX 77210-4457 |
| W.C.I.<br>PO Box 97029<br>Redmond, WA 98073 | Webb Chiropractic Center<br>300 Wyoming Ave.<br>Wyoming, PA 18644 | West Asset Management<br>2703 N. Highway 75<br>Sherman, TX 75090 |
| Wilkes-Barre General Hospital<br>575 N. River St.<br>Wilkes-Barre, PA 18764 | | |